# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| ROBERT F. BRUCE, JR., ET AL. | : | DOCKET NO. 06-0840 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| THE SUCCESSION OF DENNIS M. FISHER, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

On April 18, 2006, Robert F. Bruce, Jr. and Anita J. Bruce, individually and as administrators of the estate of their minor child, Nicholas Bruce, filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendants were: Paul P. Reggie as succession representative of the estate of Dennis M. Fisher; and Home State County Mutual Insurance Co. (improperly named Safeco Insurance Company of America). (Petition, ¶ 1; Notice of Removal, Preamble). Plaintiffs allege that Anita J. Bruce was injured when her 1996 Ford Explorer was struck from behind by Dennis M. Fisher. (Petition, ¶¶ 2, 4). Plaintiffs seek resulting damages. *Id.* at ¶ 6.

On May 19, 2006, defendants removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On June 12, 2006, plaintiffs filed the instant motion to remand [doc. # 6]. The motion seeks remand on the basis that the requisite threshold amount for the exercise of diversity jurisdiction ($75,000+) is not present. The matter is now before the court.[1]

In cases removed to federal court on the basis of diversity, it is incumbent upon the

---

[1] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

removing defendants to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)(citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d. 295 (5th Cir. 1999)).

In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893(as amended by Acts 2004, No. 334). Plaintiffs argue that because they alleged in their petition that the damages that they sustained do not exceed the requisite amount for a jury trial, this establishes that the amount in controversy does not exceed $ 50,000 (let alone $ 75,000). (Petition, ¶ 10).[2] However, plaintiffs' petition is self-contradictory. Plaintiffs allege that their damages do not exceed the requisite amount for a jury trial, but then in the same sentence, request trial by jury. (Petition, ¶ 10). In their prayer, plaintiffs again ask for a trial by jury. (Petition, Prayer). Due to the conflicting statements regarding the right to, and the request for a jury, the petition is at best ambiguous regarding whether the amount in controversy exceeds the minimum for a jury trial.

What remains unequivocal, however, is that the petition does not state that the amount in controversy is less than the requisite amount for the exercise of federal jurisdiction. Pursuant to Louisiana Code of Civil Procedure Article 893, as amended, the law now requires an allegation regarding the amount of damages when necessary to establish the ". . . *lack* of jurisdiction of federal courts *due to insufficiency of damages* . . ." La. Code Civ. P. Art. 893 (in pertinent

---

[2] *See*, La. Code Civ. P. Arts. 893 & 1732.

2

part)(emphasis added). In other words, the foregoing allegation is required *only* when the damages are insufficient for federal diversity jurisdiction. *Id.* By failing to allege that their damages were insufficient to satisfy the federal jurisdictional minimum, plaintiffs have, in effect, conceded by their state court pleadings that the requisite jurisdictional amount *is* in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938).

We further note that as a result of the accident, Anita Bruce alleges that she suffered excruciating pain to her neck, back and hip areas, as well as headaches and ongoing psychological problems. (Petition, ¶ 4). Bruce also seeks many of the same categories of damages as set forth in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).

In sum, it is "facially apparent" that the amount in controversy exceeded $ 75,000 at the time of removal. *Simon, supra*. Accordingly, we may properly exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 6] be DENIED.

IT IS FURTHER RECOMMENDED that plaintiffs' request for costs, disbursements, and fees be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 13, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE